UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

GIORGIO TROVATO and GIUSEPPE DI CACCAMO JR.,

    Plaintiffs,

vs.

LARISSA DE MACEDO MACHADO P/K/A "ANITTA", and UNIVERSAL MUSIC GROUP INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiff, GIORGIO TROVATO ("Trovato") and GIUSEPPE DI CACCAMO JR. ("Dicaccamo") (collectively referred to as "Plaintiffs"), by and through undersigned counsel hereby sues Defendants, LARISSA DE MACEDO MACHADO P/K/A "ANITTA" ("Machado"), and UNIVERSAL MUSIC GROUP INC. ("UMG") (hereinafter collectively referred to as "Defendants"), and in support thereof alleges as follows:

### I. OVERVIEW

1. This is a complaint for damages related to Defendants' copyright infringement of Plaintiffs' song titled "Sácalo", which Defendants used and incorporated into their song titled "Funk Rave".

### II. PARTIES

2. Plaintiff, Trovato, is a resident of the United States

3. Plaintiff, Dicaccamo, is a resident of the United States

4. Defendant, Machado, upon information and belief is a resident of Brazil.

5. Defendant, UMG, is a California corporation.

### III. JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction over the claims in this action pursuant to both exclusive jurisdiction under 28 U.S.C. § 1338 and diversity jurisdiction under 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendants because, as more fully alleged below, Defendants have committed tortious acts, as described herein, within Florida that have caused damage to the Plaintiffs in Florida.

8. This is an action for damages in excess of $75,000.00 exclusive of interest, costs, attorney's fees, and punitive damages.

9. Venue is proper over Defendants in this Court pursuant to 28 U.S.C. § 1391(b).

### IV. GENERAL ALLEGATIONS

10. In 2006, Plaintiffs co-wrote and co-produced the song titled "Sácalo" (PA# 2-440-994), which was released by Robbins Entertainment under the group "Erotico" in 2007 ("Sacalo"), which Dicaccamo registered with the U.S. Copyright Office in 2007 (see **Exhibit "A"** filed simultaneously herewith).

11. In fall of 2023, Plaintiffs discovered the song "Funk Rave", which was created by Machado under UMG and has over eighty million plays on Spotify and recently won the "Best Latin Video" award in the 2023 MTV VMA's ("Funk Rave").

12. Not only are the rhythm and chorus of Funk Rave substantially similar, if not identical, to that of Sacalo, these infringements appear in a substantial portion of Funk Rave.

13. On or about December 1, 2023, Trovato notified UMG of Machado's, and subsequently its copyright infringement of their song Sacalo in the song Funk Rave.

14. Defendants ignored Trovato's notice and have continued to exploit the song Funk

Rave and collect profits for their infringing conduct thereto.

15. Plaintiffs have retained the undersigned law firm and agreed to pay it its hourly fees incurred in the prosecution of the claims hereunder.

16. All conditions precedent to this action have been performed, waived, or have occurred.

### COUNT I – COPYRIGHT INFRINGEMENT (VIOLATION OF 17 U.S.C. § 101, ET SEQ.)

Plaintiffs readopt and reallege the allegations contained above in paragraphs 1-17 as if fully stated herein, and further allege:

17. This is a count for copyright infringement against Defendant Machado.

18. Plaintiffs own all rights, title, and interest in Sacalo (see Ex. "A").

19. Defendant, Machado, has infringed on Plaintiff's exclusive copyright rights by using and incorporating protected portions of its song Sacalo in her song Funk Rave.

20. As a result of the aforementioned unauthorized use, Machado has committed copyright infringement by willfully and intentionally violating 17 U.S.C. §§ 101, 504 et seq.

21. Machado's conduct has injured Plaintiffs in a monetary amount to be determined at trial and has and will continue to cause irreparable injury to Plaintiffs, for which they have no adequate remedy at law.

WHEREFORE, for the reasons set forth herein, Plaintiffs ask this Honorable Court to enter a judgment for injunctive relief and damages as set forth herein in an amount to be determined by a jury, together with post-judgment interest, attorneys' fees, and costs. Plaintiffs also request that this court issue any other relief that it deems to be fair and just.

### COUNT II – VICARIOUS AND CONTRIBUTORY LIABILITY FOR COPYRIGHT INFRINGEMENT

Plaintiffs readopt and reallege the allegations contained above in paragraphs 1-17 as if fully stated herein, and further allege:

22. This is a count for vicarious and contributory liability for copyright infringement vs. UMG.

23. UMG knowingly induced, participated, aided, abetted, and profited from Machado's illegal and unauthorized infringement of the Sacalo in creating the song Funk Rave.

24. As the principal, UMG facilitated the unauthorized use of the Sacalo and realized profits through the exploitation of the infringing work Funk Rave.

25. As the principal, UMG is vicariously liable for the infringement of Machado described herein because UMG had the right and ability to supervise the infringing acts and because UMG had an obvious and direct financial interest in the infringing acts.

26. As a result of UMG's vicarious and contributory copyright infringement, Plaintiffs have suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as irreparable injury that has no adequate remedy at law.

WHEREFORE, for the reasons set forth herein, Plaintiffs ask this Honorable Court to enter a judgment for injunctive relief and damages as set forth herein in an amount to be determined by a jury, together with post-judgment interest, attorneys' fees, and costs. Plaintiffs also request that this court issue any other relief that it deems to be fair and just.

**WHEREFORE**, for the reasons set forth herein, Plaintiffs ask this Honorable Court to enter judgment and grant relief as follows:

I. Injunctive relief pursuant to 17 U.S.C. § 502;

II. Defendants' profits or statutory damages pursuant to 17 U.S.C. § 504;

III. Plaintiffs' costs, including attorney's fees, in prosecuting this action pursuant to 17 U.S.C. § 505; and

IV. Since Defendants' infringement has been, and continues to be, willful and intentional in nature, Plaintiffs may, at its election, recover the maximum amount of statutory damages for each infringed work in accordance with 17 U.S.C. § 504(c)(2).

**Respectfully submitted,**

**WOLFE LAW MIAMI, P.A.**
*Counsel for Giorgio Trovato and Giuseppe Di Caccamo Jr.*
175 SW 7th Street
Penthouse Suite 2410
Miami, FL 33130
Phone: 305-384-7370

By: s/ Richard Wolfe__
RICHARD C. WOLFE
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com