UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-20064-KMM

GIORGIO TROVATO and
GIUSEPPE DI CACCAMO JR.,

    Plaintiffs,

v.

LARISSA DE MACEDO MACHADO
P/K/A "ANITTA" and
UMG RECORDINGS, INC.,

    Defendants.
_____/

## ORDER

THIS CAUSE came before the Court upon Defendant UMG Recordings, Inc.'s ("UMG") Motion to Dismiss Amended Complaint.[1] ("Motion" or "Mot.") (ECF No. 24). Plaintiffs Giorgio Trovato and Giuseppe di Caccamo Jr. ("Trovato" and "di Caccamo," and together "Plaintiffs") filed a response. ("Resp.") (ECF No. 29). UMG filed a reply. ("Reply") (ECF No. 32). The Motion is now ripe for review. As set forth below, the Motion is GRANTED.

**I.    BACKGROUND[2]**

At some time in 2006, Plaintiffs co-wrote and co-produced the song "Sácalo" (PA# 2-440-994). Am. Compl. ¶ 10. That song was released by the group "Erotico" under the label Robbins

---

[1] To the Court's knowledge, Plaintiffs have not served the other named Defendant in this action, Larissa de Macedo Machado p/k/a "Anitta," and therefore this Motion is filed on behalf of the only properly joined Defendant.

[2] The following facts are taken from Plaintiff's Amended Complaint ("Am. Compl.") (ECF No. 17) and are accepted as true for purposes of ruling on the Motion to Dismiss. *See MSP Recovery Claims, Series LLC v. Metro. Gen. Ins. Co.*, 40 F.4th 1295, 1302 (11th Cir. 2022). They are construed in a light most favorable to Plaintiffs, the non-moving party.

Entertainment in 2007, and Plaintiff di Caccamo registered the same with the U.S. Copyright Office that year. *Id.* In the fall of 2023, Plaintiffs "discovered" the song "Funk Rave," released by Defendant Machado under Defendant UMG's label, that won "Best Latin Video" at the 2023 MTV Video Music Awards and has more than eighty million plays on the music-streaming platform Spotify. *Id.* ¶ 11. Plaintiffs assert that "[n]ot only are the rhythm and chorus of Funk Rave substantially similar, if not identical, to that of Sacalo, but these infringements appear in a substantial portion of Funk Rave." *Id.* ¶ 12. Following this discovery, on or about December 1, 2023, Plaintiffs "notified UMG" of both Defendants' "copyright infringement of their song Sacalo in the song Funk Rave." *Id.* ¶ 13. Defendants did not respond to this notice. *Id.* ¶ 14. Plaintiffs assert one count for copyright infringement and one count for vicarious and contributory liability for copyright infringement. *Id.* ¶¶ 17–26. Now before the Court is UMG's Motion, wherein it moves to dismiss Plaintiffs' Amended Complaint for failure to state a claim for direct and vicarious and contributory copyright infringement. *See generally* Mot.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a)(2) "is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (internal citation and quotation marks omitted).

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and

internal quotation marks omitted). This requirement "give[s] the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and alterations omitted). The court takes the plaintiff's factual allegations as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

A complaint must contain enough facts to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295–96 (11th Cir. 2007). A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### III. DISCUSSION

UMG argues that the Amended Complaint should be dismissed because the copyright infringement claim and corresponding vicarious and contributory claim are not adequately stated, and also asks the Court to conduct a substantial similarity determination in reaching its conclusion. *See generally* Mot. In response, Plaintiffs argue that it is improper to compare the songs' rhythms and choruses at the dismissal stage, and that all components of a copyright infringement claim and vicarious and contributory infringement claim are sufficiently stated. *See generally* Resp. The Court addresses each of UMG's arguments in turn.

#### A. Whether a Substantial Similarity Analysis is Proper

UMG first asks this Court to conduct a substantial similarity analysis of the chorus and rhythm of the two songs because the existence of infringement would only require examining the

works themselves. Mot. at 4–5.³ As an initial matter, the Parties do not seem to dispute that the Court can properly conduct a substantial similarity analysis of certain aspects of the songs. *Id.*; Resp. at 2–3. This and other courts in this Circuit have undertaken a substantial similarity analysis across different types of works as long as the alleged similarity is able to be assessed based on a comparison of the undisputed works. *See, e.g., Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Int'l Corp.*, 998 F. Supp. 2d 1340, 1349–51 (S.D. Fla. 2014) (conducting substantial similarity analysis of two undisputed works"); *Wooten v. Netflix, Inc.*, No. 1:20-cv-5166, 2021 WL 4864744, at *3 (N.D. Ga. May 25, 2021) ("And lower courts within this circuit have examined substantial similarity at the motion-to-dismiss stage, reasoning that to do so is appropriate because the analysis requires only an examination of the works in question.").

As to the other aspects of potential similarity, neither Plaintiffs nor UMG have identified any cases where courts in this Circuit have analyzed elements beyond the lyrics and hooks of songs at the dismissal stage. Mot. at 4–5; Resp. at 2–3. The Court similarly constrains itself to an analysis that would not involve a fact-intensive inquiry potentially requiring evidence not currently before the Court. *See Roberts v. Gordy*, No. 13-cv-24700, 2015 WL 11202323, at *5 (S.D. Fla. Feb. 6, 2015) (declining to resolve a disputed similarity where determination "would entail a fact-intensive inquiry ranging far beyond the pleadings"). For example, the undersigned does not have the musical knowledge to assess the similarities of composite elements of musical compositions

---

³ UMG asks the Court to take judicial notice of the certified translated lyrics of Sácalo (ECF No. 25-1), the certified translated lyrics of Funk Rave (ECF No. 25-2), and the copyright registrations for "other compositions or sound recordings with 'Sácalo' or 'Sácala' in their title." *See* (ECF No. 25) ¶¶ 1–3. Plaintiffs did not oppose this Request for Judicial Notice. The Court can properly take judicial notice of copyright registrations as public records, and the Court does so. *Prof. LED Lighting, Ltd. v. AAdyn Tech., LLC*, 88 F. Supp. 3d 1356, 1370 n.2 (S.D. Fla. 2015). As to the song lyrics, while not definitively addressed in this District in the judicial notice context, the Court can nevertheless properly rely on certified lyric translations in making factual findings. *See, e.g., Cortes v. Universal Music Latino*, 477 F. Supp. 3d 1290, 1298 (S.D. Fla. 2020).

that cannot be assessed on their face, as in this District the similarity of such elements is typically argued through expert testimony at a later stage. *See, e.g.*, *Linares v. Chirino*, No. 05-cv-21871, 2006 WL 8432038, at *4 (S.D. Fla. Sept. 27, 2006).

### B. Failure to State a Claim for Copyright Infringement

UMG argues that Plaintiffs have failed to state a claim for copyright infringement because they did not allege access or actionable similarity. *See* Mot. at 5–14. In stating a claim for copyright infringement, a plaintiff must allege: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Such copying requires a showing of both actual use and that the copied elements are legally protectable. *Morford v. Cattelan,* No. 21-cv-20039, 2022 WL 2466775, at *2 (S.D. Fla. July 6, 2022) (citation omitted). Here, the Parties do not dispute copyright ownership. Resp. at 4. As to the second prong, without evidence of direct copying, a plaintiff can show through indirect evidence either: a defendant's access to the copyrighted works and a substantial similarity between the works; or, without access, that the works are "strikingly similar." *Olem Shoe Corp. v. Wash. Shoe Co.*, No. 09-cv-23494, 2011 WL 6202282, at *14 (S.D. Fla. Dec. 1, 2011) (quoting *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007)).

Substantial similarity may be found where, after "strip[ping] away unprotectable elements," there are sufficient allegations of similarity between protectable elements. *See Morford*, 2022 WL 2466775, at *3; *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1316 (11th Cir. 2010). Striking similarity may be found where the works are so similar in presentation "that the possibility of independent creation, coincidence, and prior common source are, as a practical matter, precluded." *Ross v. Apple, Inc.*, 741 F. App'x 733, 737 (11th Cir. 2018) (citing

5

*Corwin*, 475 F.3d at 1253). Here, Plaintiffs contend they have adequately pled access and substantial similarity. *See* Resp. at 4–7.

　　1. **Access**

Pleading access requires an allegation that the defendant had "a reasonable opportunity to view" the subject work. *Corwin*, 475 F.3d at 1253. The emphasis in this inquiry is *reasonable* opportunity, as "speculation, conjecture or 'bare possibility' are not sufficient." *Ross*, 741 F. App'x at 737 (citing *Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1250 (11th Cir. 1999)). Such reasonable opportunity to access may be established through factual allegations of an actual opportunity available to a defendant, or through showing the work was "widely disseminated." *Olem Shoe Corp. v. Wash. Shoe Corp.*, 591 F. App'x 873, 882 (11th Cir. 2015); *Kelly Tracht, LLC v. Dazzle Up, LLC*, No. 17-cv-80434, 2017 WL 4681329, at *2 (S.D. Fla. Oct. 18, 2017).

Plaintiffs claim they adequately allege access through the second option of wide dissemination. Resp. at 4–5. However, the only fact they discuss in support thereof that actually appears in the Amended Complaint is that "their song was released almost two decades ago." *Id.* (citing Am. Compl. ¶ 10). This is a far cry from the thorough and specific factual allegations that courts—including those in the cases Plaintiffs cite—look to in finding that widespread dissemination has been adequately alleged. *See, e.g.*, *Morford*, 2022 WL 2466775, at *6 (holding access sufficiently stated where complaint alleged work was "available on multiple websites and accessed in multiple countries"); *Kelly Tracht*, 2017 WL 4681329, at *3 (holding access sufficiently stated where complaint alleged availability in physical stores and online retail, number of sales and social media accounts and followers, Google image search results, and exhibition of works in galleries).

Plaintiffs state for the first time in their Response that they "have distributed, sold, and more recently streamed their song across numerous countries," and fault UMG for citing to the "amount of Spotify streams" the subject song has because it "fails to account for the fact that Plaintiffs' song was created, released, and sold by physical copy long before it was uploaded to Spotify." Resp. at 4–5. Curiously, the Amended Complaint is devoid of any of these facts, yet therein Plaintiffs do discuss the number of plays on Spotify and awards that Funk Rave has achieved. Am. Compl. ¶ 11. If properly alleged, these facts might support Plaintiffs' position regarding widespread dissemination. But they are not. Plaintiffs conclude their argument on this point stating that "[i]f need be, [they] will amend to further describe the Defendants['] access" to the work. Resp. at 5. There is such a need if Plaintiffs hope to prevail at the dismissal stage in the future. For the foregoing reasons, the Court finds Plaintiffs failed to adequately allege access in their Amended Complaint under Rule 8(a).

Even if access is not alleged, it is possible to survive dismissal by showing striking similarity. Although Plaintiffs claim they adequately alleged access and therefore do not argue striking similarity, the Court addresses the same in the interest of completeness. This is a high bar that requires a showing "that the possibility of independent creation, coincidence, and prior common source are, as a practical matter, precluded." *Corwin*, 475 F.3d at 1253–54. The Amended Complaint does not include any allegations that speak to this test, nor do Plaintiffs address it in their Response. Upon reading the lyrics as well as listening to official recordings of the respective songs to understand how those lyrics sound when performed,[4] the Court is unable

---

[4] The Court notes that it listened to recordings of these songs solely for the purpose of determining the performance of the lyrics, specifically to see if they were presented in a way that the disputed words when performed sound the same despite being written differently in the lyrical transcription. Moreover, this was in the context of a striking similarity analysis, which is necessarily about how a work is perceived or presented, and *not* in the prior substantial similarity analysis. The Court

to conclude that there is such a striking similarity that independent creation, coincidence, and prior common source would be functionally impossible. Accordingly, the Court finds that striking similarity has not been shown here, and therefore Plaintiffs fail to state a valid copyright claim by failing to adequately allege access.

   2. **Substantial Similarity**[5]

Because the lack of alleged access is fatal to Plaintiffs' copyright claim as discussed above, the Court need not address the other required prong of substantial similarity. However, the Court briefly discusses this prong in an effort to streamline any future amendments. A plaintiff is required to plead substantial similarity between only the protectable elements of different works. *See Morford*, 2022 WL 2466775, at *3. The first determination is whether the elements at issue, the rhythm and chorus, are protectable. While it is true that at the dismissal stage Plaintiffs need only allege that there is a similarity between potentially protectable elements, in order to prevail Plaintiffs "must identify the specific element of the chorus—be it the harmony, melody, rhythm or some other specific element—that is original to them." *Linares*, 2006 WL 8432038, at *3.

The extent of the similarity alleged here regarding the chorus appears to be the lyrical similarity of the words Sácalo and Sácala and their repetition, and the Court would not need to go "far beyond the pleadings" to assess UMG's argument that this word is very common in Spanish-

---

declines UMG's invitation to listen to the songs for the purpose of determining that "no substantial similarity exists . . . as a matter of law." Mot. at 13. Such a determination is typically (although not exclusively) reserved for summary judgment in this Circuit, and in any event not necessary herein due to Plaintiffs' various pleading deficiencies.

[5] Plaintiffs refer to a "Defendant Williams" in this portion of their Response. Resp. at 5. The Court notes that no Defendant bearing the name Williams is named in this action and assumes this was in error. Further, in this same section Plaintiffs fail to put quotes around certain language taken verbatim from case law, which is misleading and improper even if the case is cited somewhere near that text. The Court reminds Plaintiffs that future filings should only discuss facts and issues pertinent to this case, and proper attribution is required in all submissions to the Court.

language music as evidenced by the numerous other songs including either the masculine or feminine versions of the word in their titles and choruses. Mot. at 9–12; *see Roberts*, 2015 WL 11202323, at *5 (declining to determine substantial similarity where parties sought to rely on similarity not just of phrase but "in the context of the disputed works, music videos, performances, and associated merchandise"). Many courts in this District and beyond have also held that a term is unprotectible where it "uses a common musical and lyrical phrase that has been use[d] in other prior works." *Lil' Joe Wein Music, Inc. v. Jackson*, 245 F. App'x 873, 879 (11th Cir. 2007) (collecting cases). While rhythm may be protectable, courts have been "hesitant to find originality in rhythm" due to the limited number of rhythms generally employed, especially in music of the same genre. *Linares*, 2006 WL 8432038, at *3. There is no evidence on the record that would allow the Court to conduct a comparison of the rhythms beyond listening to audio recordings with an untrained ear, which the Court declines to do at this stage.

That Plaintiffs seek to base their claim on elements that courts in this District have routinely found unprotectable is problematic, if not fatal at the dismissal stage. What is fatal, however, is Plaintiffs' conclusory allegation that "the rhythm and chorus of Funk Rave [are] substantially similar, if not identical, to that of Sacalo, [and] these infringements appear in a substantial portion of Funk Rave." Am. Compl. ¶ 12. This is the only substantive allegation relating to similarity, with no factual allegations as to the specific similar elements of the chorus or the original creation of the lyrics, any other element of the chorus, or the rhythms. Such a conclusory allegation does not pass muster under Rule 8 pleading standards as it does not provide meaningful notice to UMG.

For example, as discussed above the extent of the similarity of the chorus appears to be the lyrics, as no other elements are identified. However, in their Response Plaintiffs argue that an initial comparison of lyrics and hooks may be appropriate but that such a comparison "for purposes

of rhythm, and chorus" are not appropriate. Resp. at 6. This implies that rhythm and chorus are elements upon which Plaintiffs are basing their claims that are separate from the lyrics and hook, and yet in neither the Amended Complaint nor the Response do Plaintiffs discuss how the choruses are similar non-lyrically. UMG in its Motion must do substantially more guesswork than should be required to discern the substance of Plaintiffs' allegations, which is indicative of the deficiencies of the Amended Complaint. *See Watts*, 495 F.3d at 1295–96 (emphasizing necessity of "identifying facts that are suggestive enough" to make claim element plausible). Accordingly, the Court finds that Plaintiffs fail to adequately allege substantial similarity under Rule 8(a).

### C. Failure to State a Claim for Vicarious and Contributory Copyright Infringement

The Parties do not dispute that a viable vicarious or contributory infringement claim requires a viable direct infringement claim. Mot. at 14–15; Resp. at 7. Count I for copyright infringement is only asserted against Defendant Machado, who as noted above to the Court's knowledge has not been served in this action. However, the Court discussed Claim I at length above because Count II for vicarious and contributory liability, which is asserted against UMG, is a derivative claim that necessarily rises and falls with Count I. *See, e.g.*, *Klein & Heuchan, Inc. v. CoStar Realty Information, Inc.*, No. 8:08-cv-1227, 2011 WL 6097980, at *3 (M.D. Fla. Dec. 7, 2011) (explaining "prior finding of direct copyright infringement is a precondition" for contributory and vicarious liability). As the Court finds that Count I for copyright infringement fails, the Court similarly finds that Count II for vicarious and contributory liability fails.

The Amended Complaint should also be dismissed because it is a shotgun pleading. One way for a complaint to be an impermissible shotgun pleading is when it "commits the sin of not separating into a different count each cause of action or claim for relief." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). Even if a defendant does not raise the

issue of a shotgun pleading in moving to dismiss, the Court is vested with a *sua sponte* responsibility to require repleading. *Id.* at 1321 n.10. Vicarious and contributory liability for copyright are not synonymous causes of action. *See Affordable Aerial Photography, Inc. v. Modern Living Real Estate, LLC*, 2019 WL 3716775, at *3 (S.D. Fla. Aug. 7, 2019) (explaining contributory infringement arises through "intentionally inducing or encouraging direct infringement, whereas one is liable for vicarious infringement by profiting from direct infringement while declining to exercise a right to stop or limit it" (citation omitted)). Yet, Plaintiffs intertwine allegations relating to these theories throughout their allegations under Count II in an extremely confusing manner, while also including the terms "aided" and "abetted" although there is no aiding and abetting claim alleged. Am. Compl. ¶¶ 22–26. The causes of action are plainly not separated within Count II, and should Plaintiffs seek to amend they must separate each cause of action and its theory of liability into a different count.

### IV.   CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that UMG's Motion to Dismiss Amended Complaint (ECF No. 24) is GRANTED. Plaintiffs' Amended Complaint (ECF No. 17) is DISMISSED WITHOUT PREJUDICE. Plaintiffs may file a second amended complaint that addresses the aforementioned deficiencies by August 7, 2025.

DONE AND ORDERED in Chambers at Miami, Florida, this  17th   day of July, 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c: All counsel of record