UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-CV-20064-MOORE/Elfenbein

GIORGIO TROVATO and GIUSEPPE DI CACCAMO JR.,

    Plaintiffs,

v.

LARISSA DE MACEDO MACHADO P/K/A "ANITTA", and
UMG RECORDINGS, INC.,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT

Plaintiffs, GIORGIO TROVATO ("Trovato") and GIUSEPPE DI CACCAMO JR. ("Dicaccamo") (collectively referred to as "Plaintiffs"), by and through undersigned counsel, hereby sue Defendants, LARISSA DE MACEDO MACHADO P/K/A "ANITTA" ("Machado"), and UMG RECORDINGS, INC. ("UMG") (hereinafter collectively referred to as "Defendants"), and in support thereof alleges as follows:

### I. OVERVIEW

1. This is a complaint for damages relating to Defendants' copyright infringement of Plaintiffs' song titled "Sácalo", which Defendants willfully used and incorporated into their own infringing song titled "Funk Rave".

### II. PARTIES

2. Plaintiff, Trovato, is a resident of the United States

3. Plaintiff, Di Caccamo, is a resident of the United States

4. Defendant, Machado, upon information and belief, is a resident of Brazil.

5.      Defendant, UMG, is a California corporation.

### III.   JURISDICTION & VENUE

6.      This Court has original subject matter jurisdiction over the claims in this action pursuant to both exclusive jurisdiction under 28 U.S.C. § 1338 and diversity jurisdiction under 28 U.S.C. § 1331.

7.      This Court has personal jurisdiction over Defendants because, as more fully alleged below, Defendants have committed tortious acts, as described herein, within Florida that have caused damage to the Plaintiffs in Florida.

8.      This is an action for damages in excess of $75,000.00 exclusive of interest, costs, attorney's fees, and punitive damages.

9.      Venue is proper over Defendants in this Court pursuant to 28 U.S.C. § 1391(b).

### IV.   GENERAL ALLEGATIONS

10.      In 2006, Plaintiffs co-wrote and co-produced the song titled "Sácalo" (PA# 2-440-994), which was released by Robbins Entertainment under the group "Erotico" in 2007 ("Sácalo"), which Di Caccamo registered with the U.S. Copyright Office in 2007 (*see* **Exhibit "A"** filed simultaneously herewith).

11.      Shortly after its release, "Sácalo" was nationally distributed on promotional platforms throughout the entire year of 2007. Specifically, "Sácalo" was promoted via *Promo Only* compilations, including the *Promo Only* Rhythm Club (on or about October 2007) and *Promo Only* Dance Radio (on or about August 2007), each of which was highly respected and popular among DJs, radio programs, and industry professionals at the time for gathering inspiration and discovery of music. Songs that made it into these "pools", such as *Promo Only*, were spun in dance clubs nationwide and heard by hundreds of thousands of listeners.

12.      "Sácalo" continued to be widely circulated throughout the United States across

major dance clubs, radio stations, and mix show disc jockeys until it was ranked in the top dance songs of 2007[1], embedding it in dance and club music culture at the time.

13. In the fall of 2023, Plaintiffs discovered the song "Funk Rave", which was created by Machado under UMG and has over eighty million streams on Spotify and recently won the "Best Latin Video" award in the 2023 MTV VMAs ("Funk Rave").

14. Not only are the lyrics and chorus of "Funk Rave" substantially similar, if not identical, to those of "Sácalo," but the melodic cadence, hook, and overall structure—particularly in the way they are conveyed—create a substantial similarity between Plaintiffs' "Sacalo" Defendants' "Funk Rave."

15. Defendants' "Funk Rave" lyrics follow both the structure and substance of Plaintiffs' "Sácalo" lyrics. Plaintiffs' lyric's read: "Sácalo, chúpalo, tócalo, métalo, mámalo, sácalo, chúpalo, tócalo, sácalo, sácalo, sácalo, sácalo, sácalo, sácalo, sácalo, sácalo, sácalo.", while Defendant's lyrics read: "písala, chócala, sácala, tómala / písala, chócala, sácala, tómala / sácala, tómala / sácala, tómala / sácala, tómala…"

16. Specifically, the hook and melodic cadence in Defendants' "Funk Rave" follow a structure and delivery that is unmistakably similar to Plaintiffs' "Sácalo," with the rhythm, phrasing, and overall composition of the melody creating a direct parallel between the two songs. Both songs, being in the dance genre, share a common musical style that heightens the resemblance in their execution.

17. On or about December 1, 2023, Trovato notified UMG of Machado's copyright infringement of their song "Sácalo" in the song "Funk Rave".

---

[1] The top dance songs of 2007 were compiled by Ed Rothschild (DJ Wild Worm) with the assistance of Jeffrey Koppel. Song ratings are based upon requests, dance floor response, radio air play, industry feedback and sales. (https://djwildworm.com/websitedjwildworm/ASSETS_MUSUC_CHARTS/Dance%20Music%202007.pdf)

18. Defendants ignored Trovato's notice and have continued to exploit the song "Funk Rave" and collect profits for their infringing conduct thereto. Therefore, UMG knowingly induced, participated, aided, abetted, and profited from Machado's illegal and unauthorized infringement of "Sácalo" in creating the song Funk Rave.

19. All conditions precedent to this action have been performed, waived, or have occurred.

## COUNT I – COPYRIGHT INFRINGEMENT (VIOLATION OF 17 U.S.C. § 101, ET SEQ.)

Plaintiffs readopt and reallege the allegations contained above in paragraphs 1-19 as if fully stated herein, and further allege:

20. This is a count for copyright infringement against Defendant.

21. Plaintiffs own all rights, title, and interest in "Sácalo" (*see* **Ex. "A"**).

22. Defendant, Machado, has infringed on Plaintiff's exclusive copyright rights by using and incorporating protected portions of its song "Sácalo" in her song "Funk Rave", including but not limited to the chorus and melody.

23. As a result of the aforementioned unauthorized use, Machado has willfully and intentionally infringed on Plaintiffs' copyrighted work, violating 17 U.S.C. §§ 101, 504 et seq.

24. Machado's conduct has injured Plaintiffs in a monetary amount to be determined at trial and has and will continue to cause irreparable injury to Plaintiffs, for which they have no adequate remedy at law.

WHEREFORE, for the reasons set forth herein, Plaintiffs ask this Honorable Court to enter a judgment for injunctive relief and damages as set forth herein in an amount to be determined by a jury, together with post-judgment interest, attorneys' fees, and costs. Plaintiffs also request that this court issue any other relief that it deems to be fair and just.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT

Plaintiffs readopt and reallege the allegations contained above in paragraphs 1-19 as if fully stated herein, and further allege:

25. As the principal, UMG facilitated its agent Machado's unauthorized use of the "Sácalo" and realized profits through the exploitation of the infringing work "Funk Rave".

26. As the principal, UMG is vicariously liable for the infringement of Machado described herein because UMG had the right and ability to supervise infringing acts and because UMG had an obvious and direct financial interest in the infringing acts described herein.

27. As a result of UMG's vicarious and contributory copyright infringement, Plaintiffs have suffered and will continue to suffer substantial damages in an amount to be established at trial, as well as irreparable injury that has no adequate remedy at law.

WHEREFORE, for the reasons set forth herein, Plaintiffs ask this Honorable Court to enter a judgment for injunctive relief and damages as set forth herein in an amount to be determined by a jury, together with post-judgment interest, attorneys' fees, and costs. Plaintiffs also request that this court issue any other relief that it deems to be fair and just.

## COUNT III – CONTRIBUTORY COPYRIGHT INFRINGEMENT

Plaintiffs readopt and reallege the allegations contained above in paragraphs 1-19 as if fully stated herein, and further allege:

28. UMG is contributorily liable for the infringement of Plaintiff's work by knowingly and materially contributing to the unauthorized release and distribution of "Funk Rave."

29. Upon both information and belief, UMG had actual or constructive knowledge of the infringing nature of the work and proceeded to publish, promote, and commercially exploit "Sácalo".

30. By providing resources and channels for distribution for "Funk Rave['s]"

widespread success, UMG played a pivotal role in enabling the infringement of Plaintiff's work.

31.   Such conduct constitutes a material contribution to finding for copyright infringement and gives rise to UMG's liability.

WHEREFORE, for the reasons set forth herein, Plaintiffs ask this Honorable Court to enter a judgment for injunctive relief and damages as set forth herein in an amount to be determined by a jury, together with post-judgment interest, attorneys' fees, and costs. Plaintiffs also request that this court issue any other relief that it deems to be fair and just.

**WHEREFORE**, for the reasons set forth herein, Plaintiffs ask this Honorable Court to enter judgment and grant relief as follows:

I.   Injunctive relief pursuant to 17 U.S.C. § 502;

II.   Defendants' profits or statutory damages pursuant to 17 U.S.C. § 504;

III.   Plaintiffs' costs, including attorney's fees, in prosecuting this action pursuant to 17 U.S.C. § 505; and

IV.   Since Defendants' infringement has been, and continues to be, willful and intentional in nature, Plaintiffs may, at its election, recover the maximum amount of statutory damages for each infringed work in accordance with 17 U.S.C. § 504(c)(2).

**Respectfully submitted,**

**WOLFE LAW MIAMI, P.A.**
*Counsel for Giorgio Trovato and Giuseppe Di Caccamo Jr.*
175 SW 7th Street
Penthouse Suite 2410
Miami, FL 33130
Phone: 305-384-7370
By: s/ Richard Wolfe
RICHARD C. WOLFE
Florida Bar No.: 355607
rwolfe@wolfelawmiami.com

# EXHIBIT A

**Registration #:** PA0002440994
**Service Request #:** 1-13155435441

Giuseppe Di Caccamo Jr.
6105 Kennedy Boulevard East
Apt. A
West New York, NJ 07093 United States

**Registration Number**

# PA 2-440-994

**Effective Date of Registration:**
November 01, 2023
**Registration Decision Date:**
November 20, 2023

## Title

    **Title of Work:** Sacalo

## Completion/Publication

    **Year of Completion:** 2006
    **Date of 1st Publication:** July 24, 2007
    **Nation of 1st Publication:** United States

## Author

-     **Author:** Giuseppe Di Caccamo Jr.
    **Author Created:** music, musical arrangement
    **Work made for hire:** No
    **Citizen of:** United States
    **Year Born:** 1972

-     **Author:** Giorgio Trovato
    **Author Created:** lyrics
    **Work made for hire:** No
    **Citizen of:** United States
    **Year Born:** 1969

## Copyright Claimant

    **Copyright Claimant:** Giuseppe Di Caccamo Jr.
    6105 Kennedy Boulevard East, Apt. A, West New York, NJ, 07093, United States

    **Copyright Claimant:** Giorgio Trovato
    233 Salomone Avenue, Woodland Park, NJ, 07424, United States

## Rights and Permissions

|  |  |
|--:|:--|
| Name: | Giuseppe Di Caccamo Jr. |
| Email: | gdmp72@gmail.com |
| Telephone: | (201)305-5640 |
| Alt. Telephone: | (551)342-9160 |
| Address: | 6105 Kennedy Boulevard East<br>Apt. A<br>West New York, NJ 07093 United States |

## Certification

|  |  |
|--:|:--|
| Name: | Giuseppe Di Caccamo Jr. |
| Date: | November 01, 2023 |

**Copyright Office notes:** Regarding authorship information: Registration made for the musical work as a whole.